**Samuel E. RADNITZ, Jr., and Hattie Radnitz, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 310, Docket 26743.**

United States Court of Appeals Second Circuit.

Argued March 23, 1961.

Decided Sept. 22, 1961.

Mark I. Cohen, Asst. U. S. Atty., New York City (Morton S. Robson, U. S. Atty. for Southern District of New York, New York City, on the brief), for defendant-appellee.

Jacob Krisel, New York City (Krisel, Lessall & Dowling, New York City, on the brief), for plaintiffs-appellants.

Before MOORE and SMITH, Circuit Judges, and BRUCHHAUSEN,* District Judge.

PER CURIAM.

In a suit to recover taxes paid under protest, taxpayers appeal from a judgment of the District Court denying their motion for summary judgment and granting defendant's motion for summary judgment. The claim arises by virtue of the treatment by the Commissioner of

* Chief Judge for the United States District Court, Eastern District of New York, sitting by designation.

Internal Revenue as dividend income rather than capital gain of certain amounts received by taxpayers upon a transfer of stock. Taxpayers owned 30% of the outstanding shares of Turner Hall Corporation (a New York corporation), which in turn owned 100% of Tylon Products, Inc. Taxpayers also owned 15 of the 100 outstanding shares of the New Jersey Turner Hall Corporation. Of the remaining 85 outstanding shares of New Jersey Turner Hall Corporation, 50 shares were owned by the Turner Hall Corporation and 35 shares by individuals who, with the taxpayers, owned 90% of the stock of Turner Hall Corporation. In December, 1955, taxpayers along with the other individual shareholders of New Jersey Turner Hall Corporation sold all of their shares in that corporation to Tylon Products, Inc. Taxpayers realized a profit of $22,500 on the sale of their stock.

The District Court sustained the Commissioner's finding that this transaction was a redemption through the use of a related corporation under Section 304 of the Internal Revenue Code and that, therefore, the entire amount of gain on the transaction was taxable as a dividend pursuant to the rules of sections 301, 302, 304 and 316 of the Code.[1]

■ There is very little that we can add to the well-reasoned opinion of the court below except to answer the contentions that taxpayers have pressed on this appeal. Taxpayers claim that section 304 does not apply to a bona fide sale of stock and therefore it should not be ap-plied if the price paid for the stock was commensurate with its fair market value. It is their contention that before section 304 can be applied, it is necessary to find first a distribution under section 301 which is a redemption within the meaning of section 302. Such reasoning ignores the plain meaning of section 304. This section provides:

> For purposes of section 302 and 303, if—
>
> "(A) one or more persons are in control of each of two corporations, and
>
> "(B) in return for property, one of the corporations acquires stock in the other corporation from the person (or persons) so in control,
>
> then * * * such property shall be treated as a distribution in redemption of the stock of the corporation acquiring such stock."

The clear intent of this provision is to make all sales of stock to related corporations subject to the rules of section 302.[2] Whether the proceeds of such sales are to be treated as dividends or as gain from the sale or exchange of stock is to be determined according to the rules provided in that section.

■ The District Court specifically found that the money received by the taxpayers in exchange for their New Jersey Turner Hall stock was substantially equivalent to a dividend. The record adequately supports this finding and therefore the judgment appealed from is affirmed.

1. 26 U.S.C. §§ 301, 302, 304 and 316.

2. This conclusion is also supported by the legislative history of section 304. The House Committee Report states:

"Subsection (304) (a) sets forth the general rule of the section by providing that *in any case* in which one or more individuals who are in control of two or more corporations sell the stock of one of the corporations to another of such corporations the proceeds of such sale shall be considered to be an amount distributed in redemption of the stock of the corporation which purchased the stock." 3 U.S.Code Cong. & Adm. News, 83rd Cong., 2d Sess., p. 4216 (1954). (Emphasis added.)

The Senate Committee Report uses almost identical language. See 3 U.S. Code Cong. & Adm.News, 83rd Cong., 2d Sess., p. 4876 (1954).